IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL BLATCHFORD, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:21-CV-2971-K-BK |
| § | |
| MCCARTHY BUILDING COMPANIES, § | |
| DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **REMANDED** *sua sponte* for lack of jurisdiction.

**I. BACKGROUND**

Defendant McCarthy Building Companies ("McCarthy"), a Missouri corporation, removed this case from the 298th District Court of Dallas County, Texas, Cause No. DC-21-14935, based on diversity jurisdiction. Doc. 1 at 1-2. McCarthy alleges that Plaintiff Michael Blatchford is a Texas resident and that he seeks $100,000,000.00 in damages, which is sufficient to satisfy the amount in controversy. Doc. 1 at 2.

Blatchford asserts in his state petition: "Employees & management participated in organized stalking harassment, intimidation, torture & illegal retaliation/slander. Employees lied after reporting lies, slander, group torture harassment." Doc. 1-2 at 6. In addition to seeking $100 million in damages, Blatchford requests that McCarthy "Post notice of human trafficking on their website & social media profiles." Doc. 1-2 at 7.

As Blatchford's damages demand appeared to lack a good faith basis, the Court ordered McCarthy to show cause why this case should not be remanded to the state court for lack of subject matter jurisdiction. Doc. 6. The Court also granted Blatchford an opportunity to respond to McCarthy's submission.

McCarthy contends the amount in controversy is satisfied and removal was proper because Blatchford presents in substance defamation and/or unlawful relation claims. Doc. 12 at 4. Relying on jury awards in other federal cases in Texas, McCarthy asserts that "[a]wards for claims of defamation regularly exceed $75,000.00, and are all the more likely to surpass the jurisdictional threshold when coupled with claims of retaliation." *Id.* McCarthy thus maintains that "it cannot be said 'with legal certainty' that the amount in controversy in this suit 'is really for less than the jurisdictional amount' required by this Court." *Id.*

Blatchford responds with "show cause documents" consisting of e-mails and pictures to demonstrate an "organized mobbry/slander/torture campaign . . . against [him] while working at McCarthy." Doc. 11 at 1 (errors in original). Relying on additional pictures, he alleges "organized covert death threats/organized covert mobbry/organized torture." Doc. 13 at 1.

However, Blatchford's damages demand lacks a good faith basis and, thus, does not support this Court's jurisdiction. Therefore, this action should be remanded *sua sponte*.

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U .S.C. §

2

1447(c). A defendant may only remove a state court action if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

When the parties are citizens of different states, a defendant can remove an action involving questions of state law only if the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). For diversity purposes, the sum claimed by a plaintiff controls the court's "amount in controversy" analysis, unless it appears to a "legal certainty" that the claim is really for less than the jurisdictional amount or the plaintiff cannot recover the jurisdictional amount. *See, e.g.*, *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co.*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

In his original petition, Blatchford sought $100 million in damages for unspecified "stalking, harassment, intimidation torture & illegal retaliation/slander." Doc. 1-2 at 6. McCarthy acknowledges the request is "outlandish" and, thus, not pled in good faith. Doc. 12 at 3. That notwithstanding, it contends that the amount in controversy is satisfied and removal was proper because Blatchford sues for defamation and/or unlawful retaliation and federal juries in Texas have consistently awarded in excess of $75,000 for these types of claims. Doc. 12 at 4. The Court disagrees.

Even under the most deferential view, Blatchford alleges no coherent facts from which the Court can discern a cognizable cause of action. His petition is difficult to decipher and

clearly irrational. Also, his allegations border on "fanciful, fantastic, and delusional" scenarios. *Cf. Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Thus, there is no factual or legal basis for any of his claims, much less the extraordinary request for damages. Moreover, Defendant points to no facts in the petition that would support damages in excess of $75,000 and relies instead only on past jury awards in Texas. As such, the damages in this case are simply too speculative for the Court to conclude with legal certainty that the amount in controversy exceeds $75,000.

McCarthy therefore has failed to carry its burden of establishing the amount in controversy. Accordingly, the Court lacks subject matter jurisdiction and should remand the case to state court.

### III. CONCLUSION

For the foregoing reasons, this action should be **REMANDED** *sua sponte* for lack of jurisdiction to the 298th District Court of Dallas County, Texas, Cause No. DC-21-14935.

**SO RECOMMENDED** on  January 31, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).